UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATLAS RESOURCES, LLC,

      Plaintiff,                                         Case No. 1:12-cv-41

v                                                     HON. JANET T. NEFF

McJUNKIN RED MAN CORP. and
U.S. TUBULAR PRODUCTS, INC.,

      Defendants.
_____/

## OPINION AND ORDER

Plaintiff Atlas Resources, Inc. (Atlas Resources) initiated this action in state court in December 2011, alleging breach of contract and breach of warranty claims and seeking to recover for property damages related to the Lucas Well in Kalkaska County, Michigan. Defendant McJunkin Red Man Corporation (MRC) removed the case to this Court on January 13, 2012 on diversity grounds. On April 1, 2013, MRC filed a Motion for Summary Judgment for Lack of Privity and Standing (Dkt 187), in which Defendant U.S. Tubular Products, Inc., specifically its Ohio division d/b/a Benmit (Benmit) joined (Dkt 197). The motion was referred to the Magistrate Judge, who, after conducting a motion hearing and receiving additional briefing, issued a Report and Recommendation (R&R) that this Court deny the motion for summary judgment (Dkt 227). The matter is presently before the Court on Defendants' objections to the Report and Recommendation (Dkts 231 & 232). Atlas Resources did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of

those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

1. *Privity of Contract*

MRC's first objection challenges the Magistrate Judge's analysis in deciding that Atlas Resources has the requisite privity of contract under which the casing was purchased (the "Purchase Order") to file this suit. According to MRC, the Magistrate Judge, in framing the issue as concerning "when Atlas Resources obtained an interest in both the contract and the lease" (R&R, Dkt 227 at 6), erred because the analysis of the Purchase Order (the privity issue) was therefore conflated with that of the mineral lease (the standing issue) (MRC Objs., Dkt 232 at 4). MRC argues that this Court should refuse to accept the Magistrate Judge's recommendation to deny MRC's summary judgment on the issue of privity, as it is based on an erroneous finding that the purported assignment of the mineral lease on December 19, 2012 had any effect on the Purchase Order (*id.*). Benmit joins in MRC's objection (Dkt 231 at 2).

Defendants' objection lacks merit.

To reach the conclusion that privity of contract existed, the Magistrate Judge did not "conflate" the analysis of the Purchase Order with that of the mineral lease; rather, the Magistrate Judge found that Atlas Resources owned an interest prior to the December 19, 2012 assignment of the mineral lease, an interest that arose from the February 17, 2011 transaction to Atlas Pipeline (AHD) and, by subsequent intent and action, to Atlas Resources. Defendants focus on the transactions from DTE/Atlas Gas & Oil Company, LLC (AGO) to Chevron to Atlas Resources to the exclusion of the transaction between DTE/AGO and AHD. The Magistrate Judge did not similarly exclude consideration of the DTE/AGO-AHD transaction but found that the transaction

2

was the source of Plaintiff's interest in both the Purchase Order and the mineral lease (R&R, Dkt 227 at 5, 10).

2.  *UCC Statute of Frauds*

Second, MRC objects to the Magistrate Judge's determination that because this case arises under and is brought pursuant to the Uniform Commercial Code (UCC), the more specific UCC statute of frauds, not the general Michigan statute of frauds, applies (R&R, Dkt 227 at 9-10; MRC Objs., Dkt 232 at 2). According to MRC, the fact that this case is governed by the UCC "does not mean that UCC provisions automatically displace the general Michigan statute of frauds" (MRC Objs., Dkt 232 at 5). MRC opines that the requirement in Michigan's statute of frauds for assignments to be in writing merely supplements, and does not contradict, the UCC statutory provision regarding assignments, which does not include a writing requirement (*id.*). Benmit similarly argues that the Magistrate Judge failed to address the effect of MICH. COMP. LAWS § 566.106 on Atlas Resources' alleged chain of lease transfers and further opines that there is no writing sufficient to support the property transfers upon which Atlas Resources relies (Benmit Objs., Dkt 231 at 2- 4).

Defendants' objection lacks merit.

Defendants' objections demonstrate no error in the Magistrate Judge's determination that the UCC applies. *See Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 141 (6th Cir. 1983) (acknowledging that when an irreconcilable conflict exists between a special statute and a general statute, the special statute prevails as an exception, and further opining that the state's adoption of the UCC is "a special legislative attempt to tailor the statute of frauds to the unique characteristics of a commercial sales transaction"); *see also H&W Indus., Inc. v. Formosa Plastics Corp., USA*, 860

F.2d 172, 180(5th Cir. 1988) (observing that "other courts and commentators that have addressed the conflict between the UCC and the general statute of frauds of a state have found that the UCC provision controls in the sale of goods context"). Moreover, Defendants do not address the Magistrate Judge's additional point that it is "beyond dispute that the contract was subject to at least partial performance, albeit defective according to Atlas Resources, taking it altogether out of the statute of frauds" (R&R, Dkt 227 at 11).

3.  *Purchase Order*

Third, MRC argues that the Magistrate Judge erred in finding that Plaintiff could be assigned rights—other than the right to seek remedies against MRC for the alleged breach of the underlying contract—after the contract at issue had expired (MRC Objs., Dkt 232 at 7). MRC contends that the Magistrate Judge misinterpreted the following clause in Renewal Order #5: "All other terms and conditions of Purchase Order Number MS01183Y08 remain in full force and effect" as meaning that the terms and conditions from the May 19, 2004 Purchase Order would survive the expiration of Renewal Order #5 (*id.* at 8-9; R&R, Dkt 227 at 10-11). Benmit joins in MRC's objection (Dkt 231 at 2).

Defendants' objection lacks merit.

The Court agrees with the Magistrate Judge's assessment that MRC's position in this regard borders on disingenuous (R&R, Dkt 227 at 10). The Magistrate Judge properly determined that the affidavit of Joel Heiser, the Associate General Counsel and Secretary for Atlas Resources and the Associate General Counsel and Assistant Secretary of AHD, demonstrates the existence of a genuine factual dispute concerning the nature of Atlas Resources' rights and the dates on which such came into existence, precluding summary judgment on this basis (*id.* at 11-12).

4. *Standing*

Benmit further objects to the Magistrate Judge's determination that Atlas Resources suffered an injury-in-fact (Benmit Objs., Dkt 231 at 5). According to Benmit, the limited partnership of Atlas Resources Series 28-2010 may have standing to bring an action against Defendants, but Atlas Resources does not (*id.* at 5-6).

Benmit's objection lacks merit.

Benmit's argument does not demonstrate error in the basis for the Magistrate Judge's conclusion, which was that Atlas Resources has a "legally protected interest" in the Lucas Well permit from its inception inasmuch as the Lucas Well was drilled and funded through a drilling partnership of which Atlas Resources was and is the managing general partner and operator, and owns an interest in the same (R&R, Dkt 227 at 13). The Court agrees with the Magistrate Judge that Atlas Resources has Article III standing to enforce the rights it alleges were breached.

5. *Double Liability*

Last, Benmit objects to the Magistrate Judge's determination that its fears of double liability are a "red herring" (R&R, Dkt 227 at 14; Benmit Objs., Dkt 231 at 6). Benmit contends that the determination is inaccurate because (1) it is unclear what legally binding effect, if any, the June 4, 2013 ratification agreement may possess inasmuch as there was no consideration in exchange for document; and (2) given Atlas Resources' track record of "administrative oversight," Defendants have concrete cause for concern whether Atlas Resources, or another entity, will later produce another set of affidavits and documents to contradict the June 4, 2013 document (*id.* at 5-6).

Benmit's objection lacks merit. Benmit's concerns do not demonstrate error in the Magistrate Judge's analysis or dictate a resolution of the motion for summary judgment other than the result recommended by the Magistrate Judge.

Accordingly, having determined that the Objections lack merit, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 231 & 232) are DENIED and the Report and Recommendation (Dkt 227) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant McJunkin Red Man Corporation's Motion for Summary Judgment for Lack of Privity and Standing (Dkt 187), joined by Defendant U.S. Tubular Products, Inc. (Dkt 197), is DENIED.

Dated: September  6 , 2013                               /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge